CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 23, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **FREDDIE CABRERA,** ) | |
| Petitioner, ) | Civil Action No. 7:24cv578 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| **CAPT. J. WIMER,** ) | By:  Robert S. Ballou |
| Respondent. ) | United States District Judge |

Freddie Cabrera, a Virginia inmate proceeding *pro se*, has filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the sentence he received from Rockingham County Circuit Court for his second probation violation, following a hearing on June 7, 2024.  According to the Virginia online Case Information System, the judgment order was entered on June 14, 2024.  The habeas should be construed as a petition under 28 U.S.C. § 2254, because Cabrera is in custody pursuant to a final state court judgment.

Upon review of the petition, it appears that Cabrera has not yet exhausted available state court remedies for any habeas claims he might have.  Cabrera acknowledges that he did not appeal the Circuit Court's decision, nor has he filed any state court habeas proceeding.  Contemporaneously with this suit, he filed a suit in this court against the Circuit Court Judge who imposed his sentence; although Cabrera filed that action under 42 U.S.C. § 1983, the court construed that matter as a petition for habeas corpus under § 2254 and dismissed it without prejudice for failure to exhaust state court remedies.  *See Cabrera v. Albertson*, No. 7:24cv00577 (W.D.Va. Oct. 7, 2024) (Urbanski, J.).

The same result is required in this case.  Exhaustion of claims on the merits in the state court is generally required in § 2241 cases just as in § 2254 cases.  *Moss v. Salmon*, No. 7:22cv00039, 2022 WL 1094723, at *2 (W.D.Va. April 12, 2022).  While required by statute

under 28 U.S.C. § 2254(b)(1)(A), the doctrine of exhaustion has been judicially developed in cases under § 2241.  *McFadden v. Simon Major*, No. CIVA3:10-68-RBH, 2010 WL 1542531, at *2 (D.S.C. Feb. 23, 2010), *report and recommendation adopted sub nom. McFadden v. Major,* No. CIVA3:10-68-RBH, 2010 WL 1542544 (D.S.C. Apr. 15, 2010).  To exhaust his state court remedies, a petitioner must present his claims to the highest state court with jurisdiction to consider them, in this case, the Supreme Court of Virginia.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The doctrine has developed based on principles of comity and federalism and to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody.  *Id.* at 844; *McFadden v. Simon Major*, 2010 WL 1542531, at *2.

Cabrera's opportunity for direct appeal of his sentence expired before this court received his habeas petition.  However, other options remain available to him for exhausting his remedies.  He may file a state habeas petition in the circuit court where he was convicted and appeal any unfavorable ruling to the Supreme Court of Virginia, or he may file a state habeas petition directly with the Supreme Court of Virginia in the first instance.  *See* Va. Code Ann. § 8.01-654(A)(1).  Whichever route he pursues, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider those claims.  *O'Sullivan*, 526 U.S. at 845.

Cabrera's petition is **DISMISSED without prejudice** for failure to exhaust state court remedies, and the Clerk is directed to **STRIKE** this case from the active docket of this court.

Because Cabrera has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability is **DENIED**.

The Clerk is directed to mail a copy of this opinion and order to Mr. Cabrera.

Enter: October 22, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge